

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,204-01, 90,204-02 & 90,204-03

### EX PARTE JEANA DENISE MOSELEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR14-0595-01, CR14-0593-01 & CR14-0594-01
### IN THE 43RD DISTRICT COURT
### FROM PARKER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of delivery of a controlled substance and one count of aggravated assault. She was sentenced to imprisonment for two terms of forty years and one term of twenty years. She did not appeal her convictions.

Applicant contends that her guilty pleas were involuntary because she was not competent to stand trial and because trial counsel failed to investigate whether she was competent. Applicant has

alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel, James R. Wilson, to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent her at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's guilty pleas were involuntary because she was not competent to stand trial and because trial counsel failed to investigate whether she was competent. The trial court shall also determine whether Applicant's claims are barred by the equitable doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:   August 21, 2019

Do not publish